UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02454

**Torres-Martinez,**
*Petitioner,*
v.
**Collins, et al.,**
*Respondents.*

## ORDER

Alexander Miguel Torres-Martinez is a native and citizen of Cuba currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing. Because his detention is lawful, his petition is denied.

## BACKGROUND

Petitioner last entered the United States on or about September 29, 2024. Petitioner was granted humanitarian parole and issued a Form I-94 valid through April 24, 2026. Petitioner was detained by federal immigration authorities on or about August 5, 2026, and was transferred to the T. Don Hutto Detention Center in Taylor, Texas where he is currently detained.

Petitioner filed a habeas petition on September 3, 2026, contesting his detention and seeking immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not be granted and Respondents answered. The Court also ordered supplemental briefing, Respondents filed a supplement, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Because Petitioner is proceeding *pro se*, this Court construes his Petition generously. Read in that light, the Petition appears to allege that Petitioner's pre-removal detention is unlawful because it violates due process and the Immigration

and Nationality Act (INA). Petitioner's arguments, however, fail.

Petitioner is properly detained pursuant to section 1225(b)(2) because he is an applicant for admission. Title 8 section 1182(d)(5)(A) gives the Secretary of Homeland Security discretion to temporarily parole aliens into the United States "on a case-by-case basis for urgent humanitarian reasons or significant public benefit[.]" 8 U.S.C. § 1182(d)(5)(A). "[B]ut such parole of such alien shall not be regarded as an admission of the alien[.]" *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (describing section 1182(d)(5)(A)). And "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A).

Section 1182(d)(5)(A) parole automatically terminates without written notice "(i) upon the departure from the United States of the alien, or, (ii) if not departed, at the expiration of the time for which parole was authorized[.]" 8 C.F.R. § 212.5(e)(1). Petitioner was temporarily paroled into the United States on September 29, 2024. Petitioner's Form I-94 identifies his class of admission as "DT," meaning he was admitted through non-categorical humanitarian parole pursuant to section 1182(d)(5)(A).[1] Petitioner's Form I-94 also states

[1] See U.S. CITIZENSHIP & IMMIGR. SERVS., *FAQs on the Effect of Changes to Parole and Temporary Protected Status (TPS) for SAVE Agencies*, https://www.uscis.gov/save/current-user-agencies/guidance/faqs-on-the-effect-of-changes-to-parole-and-temporary-protected-status-tps-for-save-agencies [https://perma.cc/22H3-FNF6] (last visited November 23, 2026) (under "Non-Categorical Parole" heading, "What does 'Non-Categorical Parole' mean?") ("Aliens who are outside of the United States may request

that he was permitted to remain in the United States until April 24, 2026. Petitioner's parole was automatically terminated on that date. 8 C.F.R. § 212.5(e)(1). Once his parole was terminated, Petitioner's status returned to being an applicant for admission subject to section 1225(b).

Petitioner appears to argue that his detention without a bond hearing violates due process. The Fifth Circuit has rejected that argument, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, 193 F.4th 837, 847, 856 (5th Cir. 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at 845 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id.* at 849.

Petitioner argues that his detention nonetheless violates due process because it is indefinite and arbitrary, but that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at 858 (cleaned up). Here, "removal remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the writ.

---

to be paroled into the United States based on urgent humanitarian reasons or a significant public benefit. These aliens are not paroled into the United States under a categorical parole program or process. Often, the Class of Admission (COA) for these aliens is 'DT' though other parole related COAs may have been used."); *see also* 8 U.S.C. § 1182(d)(5)(A) (permitting parole for "urgent humanitarian reasons or significant public benefit").

Petitioner's argument that Respondents failed to consider Petitioner's pending adjustment application before continuing his detention fares no better for the reasons set forth in Part I of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026). The Fifth Circuit has held that aliens similarly situated to Petitioner are "seeking admission" to the United States and thus "subject to [the INA's] mandatory detention command." *Id.* at 722. The consideration of other factors is irrelevant because Petitioner's detention is mandatory. Thus, Petitioner's detention is lawful.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 25, 2026.*

ANDREW DAVIS
United States District Judge